### ELI JEFFERS v. STATE OF OHIO.

CHARGE IMPOSING BURDEN OF PROOF UPON ACCUSED.

> Where an accused person denies that he committed the crime charged, and claims that by reason of drunkenness he was physically incapable of committing such an offense, and offers testimony to that effect, it is error to charge the jury that the burden is upon accused to show such want of capacity to commit the crime inasmuch as such a charge imposes upon him the burden of proving that he did not commit the crime, which is contrary to the fundamental principles of the law.

ERROR to the court of common pleas of Hamilton county.

SWING, J.

The plaintiff in error was convicted in the court of common pleas of an assault with intent to commit rape. Error to said judgment is prosecuted, numerous errors being assigned. However, we think it necessary to only consider one of them in this opinion.

One of the errors assigned is that the court erred in its charge to the jury. Among other charges the court charged the jury as follows :

" And the defendant also claims that he was so drunk at the time, that according to the medical testimony, he could not have had an erection or have been physically able to have committed any rape. The defense that he was asleep, and did not in fact touch the child, of course puts the burden of proof as to that upon him; and all the testimony before the jury should be taken into consideration to determine whether he did in fact commit the assault or not.

"The defense as to his being so drunk as to be unable to commit the offense of rape likewise places upon the defense the burden of proof in establishing drunkenness to such an extent by a preponderance of the evidence. If the defendant proves that he did not commit this assault at all of course he must be acquitted. If he proves that he was so drunk as claimed, that he could not have been able to commit the offense of rape, of course he would not be guilty of rape."

In Walters v. State, 39 Ohio St., 215, the court say in the syllabus:

"Where the evidence tends to prove the commission by the defendant of the crime charged in the indictment at a particular time and place and the defendant offers evidence tending to show that at such time he was at another place, it is error for the court to charge the jury that testimony tending to show such alibi was not to be considered unless it established the fact by a preponderance of the evidence. The burden of proof was not changed when the defendant undertook to prove an alibi; and if by reason of the evidence in relation to such alibi the jury should entertain reasonable doubt as to the defendant's guilt, he should be acquitted although the jury might not be able to find that the alibi was fully proved."

And in Hitzobiddle v. State, 35 O. S., 52, the same court say in the second proposition of the syllabus: " If it appear on the trial of one charged with rape that he is a boy under fourteen years of age, the burden is on the state to prove capacity to commit the crime, and if the

Jeffers v. State of Ohio.

court enumerates certain facts which are of no determinate value, and say to the jury that if they are proved the burden is on the accused to show want of capacity, it is error."

It seems to us that both of these authorities are directly in point, and that the charge of the court in this case is directly at variance with the law as thus stated by our Supreme Court. The court in the case at bar charged the jury that the burden was on the defendant to show want of capacity to commit the crime by reason of drunkenness. The burden can never be on the defendant to show that he did not commit the crime. This burden is always on the state, and it must be shown beyond a reasonable doubt; to hold that the burden was on the defendant to prove that he did not commit the crime would be to hold contrary to the fundamental principles of English criminal jurisprudence.

The defense of want of capacity to commit the crime for which the defendant was charged was simply a denial of the commission of the crime. It would, in effect be like the defense of an alibi, i. e., that he did not do the act. Such a defense is entirely different from the defense of self defense, or an admission of doing the act, and by way of excuse alleging drunkenness to such an extent as not to know what he was doing. In these cases the commission of the act is admitted, and justification is alleged by the defendant. Justly having admitted the commission of the act and an excuse is offered why he should not be held responsible for his act, the burden is cast upon him to show why he should not be punished for the act confessed to have been committed.

But in this case the defendant did not admit the commission of the crime charged. He denied it, and said he was not physically able to commit the crime, and the court said that the burden was upon the defendant to show that he was not able to commit the crime. In other words the court charged the jury that the burden was on the defendant to show that he did not commit the crime. We think the court was clearly in error in giving this charge to the jury. We find no other errors in the record of the case.

In reversing this case for the reasons above stated we think it not out of place to add to our opinion the language used by our Supreme Court when it reversed a case of a similar kind. It is as follows:

" Sir Matthew Hale truly observes that a rape is a most detestable crime. When the injured party is a child the outrage is most revolting. The mind is led unconsciously to the consideration of what the punishment ought to be rather than to the inquiry which it is our duty to make. But our duty is simply to ascertain whether the plaintiff in error has been legally convicted of the felony of rape. Until 1815 that crime was punishable in this state with death and although the penalty is at present less than death, we must observe the same rules as formerly in ascertaining whether the crime has been committed."

Judgment reversed and cause remanded to the court of common pleas for further proceedings according to law.

*C. S. Sparks,* for Jeffers.

*Schwartz, Darby & Ratliff* for the State.